IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CANDACE SEARCY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:21-cv-01910-X (BT) |
| | § | |
| ORCHARD NATIONAL TITLE, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Candace Searcy has filed a *pro se* "Notice of Removal" purporting to remove a civil action she filed in Dallas County District Court seeking specific performance of a real estate contract and monetary damages. *See* Not. Rem. ([ECF No. 3](#)). For the reasons stated, the Court should REMAND Searcy's case as improperly removed. In the alternative, the Court should DISMISS Searcy's case for lack of jurisdiction.

I.

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and other federal laws. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (Scalia, J.) (citations omitted). And courts have an independent duty to examine their subject-matter jurisdiction and to dismiss any case in which jurisdiction is lacking. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *accord McDonal v. Abbott Lab'ys*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A]ny federal court may raise subject[-]matter

1

jurisdiction *sua sponte*."); *see also* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Federal district courts have original jurisdiction over two types of cases: (1) cases that arise under federal law ("federal question jurisdiction"), 28 U.S.C. § 1331, and (2) cases in which the amount in controversy exceeds $ 75,000, and there is complete diversity of citizenship among the parties ("diversity jurisdiction"), 28 U.S.C. § 1332(a). *See Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). "The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists." *Aetna Casualty & Surety Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986); *see also St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

When determining whether federal-question jurisdiction exists, it "must be determined by reference to the 'well pleaded complaint.'" *Merrell Dow Pharms. Inc. v . Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). This means that the complaint must "raise issues of federal law sufficient to support federal question jurisdiction." *Rodriquez v. Pacificare of Tex., Inc.,* 980 F.2d 1014, 1017 (5th Cir. 1993). Generally, there is no federal jurisdiction when the plaintiff pleads only a state law cause of action. *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008). Further, "[c]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *SGK Props., LLC v. United States Bank Nat'l Ass'n*, 881 F.3d 933, 939 (5th

Cir. 2018) (internal quotations omitted) (quoting *Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) (citing *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam))).

Also, under 28 U.S.C. § 1441(a), a *defendant* may remove to federal court any state court civil action over which the federal courts would have original jurisdiction. *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). But "[a] plaintiff may not remove an action from state court to federal district court." *Cooper v. City of Plano, Tex.*, 260 F. App'x 680, at *1 (5th Cir. 2007) (per curiam); *see also Renegade Swish, L.L.C. v. Wright,* 857 F.3d 692, 698 (5th Cir. 2017) (holding the plaintiff had no right to remove case to federal court because it was the original plaintiff); *McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982) (noting that "only a defendant, never a plaintiff, may remove a civil action from state to federal court").

II.

Here, Searcy has apparently tried to remove to federal court a case she initiated in Dallas County District Court against Orchard National Title (Orchard) and Courtney Anthony, a real estate agent with Orchard National Title. She attached to her "Notice of Removal" (1) a pleading entitled "Property lawsuit" that she apparently filed in the state court on January 15, 2021, Not. Rem. 3-4, and (2) a copy what appears to be the real estate contract on which her claims are based, *id*. 7-15. She has not complied with Local Civil Rule 81.1, which requires her to file, among other things, a copy of the docket sheet and each document filed in the state

court action. N.D. Tex. Loc. Civ. R. 81.1. In her pleadings, Searcy alleges that Orchard breached the contract at issue and committed fraud. *Id*. 3-4, 18; *see also* Am. Compl. 1 (ECF No. 13).[1] She further alleges that, based on that conduct, she is "pressing federal charges for breach of contract, malpractice, and fraudulent price gouging." Not. Rem. 4 (ECF No. 3). Last, Searcy alleges that "[t]he [state court] judge is taking sides with the criminal." *Id*. 1. Searcy demands $6,000.00 in monetary damages. *Id*. 4

As the *plaintiff*, however, Searcy may not remove a case from state court to federal court. *See Cooper*, 260 F. App'x at *1. And, to the extent Searcy disagrees with a ruling by the presiding judge in her state court action or with the outcome of that case, removal to federal district court cannot serve as a substitute for filing an appeal in state court. *See Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986) (noting that a federal district court cannot serve to review a state court's decision), *overruling on other grounds recognized in Gross v. Dannatt*, 736 F. App'x 493 (5th Cir. 2018).

Further, even liberally construing her pleadings as an attempt to file an original action, Searcy has failed to allege facts supporting either federal question or diversity jurisdiction. Although she claims on her Civil Cover Sheet that the court can exercise jurisdiction on the basis of a federal question, Not. Rem. 30, she fails to plead facts supporting federal question jurisdiction. She does not identify

---

[1] Searcy filed an amended complaint on October 8, 2021, in which she names only Orchard National Title as a defendant. Am Compl. 1.

any federal statute or other law as giving rise to her claims. Rather, she alleges solely state law causes of action for breach of contract and fraud. Her bald statement on the Civil Cover Sheet that the case involves a "Federal Question" is inconsistent with her other assertions. And that statement is not sufficient, by itself, to confer subject-matter jurisdiction on the Court. Searcy also fails to plead facts establishing diversity jurisdiction. "Diversity jurisdiction under 28 U.S.C. § 1332 only exists where the parties are citizens of different states and the amount in controversy exceeds $ 75,000." *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003). Here, Searcy states that the parties to the action are all "Citizens of this State [Texas]," Not. Rem. 30, and she seeks only $6,000 in damages, Am. Compl. 3; *see also* Not. Rem. 4. Consequently, the Court should *sua sponte* dismiss Searcy's lawsuit for lack of subject-matter jurisdiction.

A *pro se* plaintiff ordinarily should be granted leave to amend her complaint prior to dismissal. However, leave to amend is not required when the plaintiff "has already pleaded [her] 'best case.'" *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Here, Searcy has already filed an amended complaint. And she cannot alter the fact that this Court lacks jurisdiction over her case. Therefore, granting Searcy leave to amend would be futile and cause needless delay.

### III.

The Court should REMAND Searcy's case as improperly removed, or in the alternative, DISMISS it for lack of subject matter jurisdiction.

**SO RECOMMENDED**.

November 4, 2021.

                                        REBECCA RUTHERFORD
                                        UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).