IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CANDACE SEARCY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:21-cv-01910-X-BT |
| ORCHARD NATIONAL TITLE, | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this closed civil action is Plaintiff Candace Searcy's *pro se* "Motion to Reopen Case." (ECF No. 26.) The District Court referred the motion to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the reasons stated, the District Court lacks jurisdiction over this case and should DENY the pending motion.

I.

On August 17, 2021, Searcy purportedly removed this case from the 134th District Court, Dallas County, Texas to this Court. Not. Rem. (ECF No. 3). On November 4, 2021, the undersigned magistrate judge issued findings and conclusions, recommending that the District Court remand Searcy's case as improperly removed, or in the alternative, dismiss it for lack of subject-matter jurisdiction. FCR (ECF No. 18). Searcy did not file

1

objections, and on December 20, 2021, the District Court accepted the magistrate judge's findings and recommendation and entered a judgment remanding the case to state court because it was improperly removed. Ord. (ECF No. 24); J. (ECF No. 25).

On January 4, 2022, Searcy filed the pending motion. Mot. (ECF No. 26). In it, she states that she filed her case in this Court because the state judge and the Dallas County Court lacked jurisdiction over her claims. She further explains that she is entitled to pursue her case in federal court because Orchard National Title committed a crime against her, and she paid a $400.00 filing fee.

## II.

The Court evaluates a motion seeking reconsideration of a prior ruling either as (i) a motion to alter or amend a judgment under Rule 59(e), or (ii) a motion for relief from a final judgment, order, or proceeding or under Rule 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). If the movant filed the motion within twenty-eight days after the entry of judgment, the Court treats the motion as though it was filed under Rule 59; and if the movant filed the motion more than twenty-eight days after the entry of judgment, the Court analyzes it under Rule 60(b). *Id.* Here, Searcy filed her motion on January 4, 2022—fifteen days after the Court entered its judgment on December 20, 2021. Therefore, the Court should construe Searcy's post-judgment motion seeking to "reopen" her case as a Rule 59

2

motion. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

Under Rule 59, the court may "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law. . . and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2). When a court considers a Rule 59 motion, it is must recognize "the need to bring litigation to an end and the need to render decisions on the basis of all the facts" must be balanced. *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). A motion to alter or amend judgment under Rule 59(e) "serve[s] the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)). A manifest error of law is an error "that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (internal quotation marks omitted). A court has considerable discretion in deciding whether to reopen a case under a Rule 59(e) motion. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

### III.

As District Court previously determined, Searcy improperly removed this case from state court. That is: "As the plaintiff, . . . Searcy

3

may not remove a case from state court to federal court. . . . And, to the extent Searcy disagrees with a ruling by the presiding judge in her state court action or with the outcome of that case, removal to federal district court cannot serve as a substitute for filing an appeal in state court." FCR 4. Therefore, the District Court remanded Searcy's case to state court on December 20, 2021. As a result, the Court lacks jurisdiction over Searcy's pending motion. *See New Orleans Serv., Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir. 1986) (per curiam) (following a remand to state court, a district court is divested of jurisdiction to vacate or reconsider a remand order pursuant to 28 U.S.C. § 1447(d)); *Robertson v. Ball,* 534 F.2d 63, 66 n.5 (5th Cir. 1976) (holding that once a federal court decides a remand to state court is appropriate, the action should proceed there without regard to whether the remand was appropriate.); *see also Smith v. JCC Fulton Dev., LLC*, 2019 WL 2340943, at *1 (E.D. La. June 3, 2019) (citing *Majoue*, 802 F.2d at 167). Accordingly, the District Court should DENY Searcy's motion.

## Conclusion

The District Court should DENY Searcy's motion (ECF No. 26).

Signed January 31, 2022.

                                        REBECCA RUTHERFORD
                                        UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn,* 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).