IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CANDACE SEARCY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:21-cv-01910-X-BT |
| | § | |
| ORCHARD NATIONAL TITLE, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Candace Searcy has filed a Motion to Proceed *In Forma Pauperis* on Appeal (ECF No. 32). For the reasons stated, the Court should find Searcy's appeal is not taken in good faith and DENY Searcy's motion. *See Pohl v. Thaler*, 429 F. App'x 408, 409 (5th Cir. 2011) (per curiam) (holding that a district court may certify an appeal is not taken in good faith and deny a motion to proceed *in forma pauperis*, but it must set forth its reasons for doing so) (citing *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997)).

To proceed *in forma pauperis* on appeal, an appellant must show financial eligibility and a nonfrivolous issue for appeal. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Under Federal Rule of Appellate Procedure 24(a)(3)(A), an appellant is ineligible for *in forma pauperis* status if the court certifies that the appeal is not taken in good faith. "Good faith" means that the issues on appeal are not frivolous. *Coppedge v. United States*, 369

1

U.S. 438, 445 (1962). When the underlying claims are "entirely frivolous and had no possibility of success," the appeal is not taken in good faith. *Baugh*, 117 F.3d at 201-02. The determination of whether good faith exists "is limited to whether the appeal involves legal points arguable on the merits (and therefore not frivolous)." *United States v. Moore*, 858 F. App'x 172, 172 (5th Cir. 2021) (per curiam) (quoting *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted)). A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*. *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam) (citing *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. 1981)).

Here, the Court remanded this civil action to state court on the basis that it was improperly removed. J. (ECF No. 25). Thereafter, Searcy filed a "Motion to Reopen Case" (ECF No. 26), which the magistrate judge recommended be denied because the Court lacked jurisdiction over her post-judgment motion. FCR (ECF No. 27). Searcy has filed objections (ECF No. 28), which are pending before the district judge.

Succinctly stated, this case does not belong in federal court. Searcy's appeal presents no legal point of arguable merit, and it is frivolous. *See Howard*, 707 F.2d at 220. Thus, Searcy's appeal is not taken in good faith. *See Baugh*, 117 F.3d at 202.

2

## Recommendation

The Court should find Searcy's appeal is not taken in good faith and DENY her motion for leave to proceed *in forma pauperis* on appeal.

If the Court denies Searcy's request to proceed *in forma pauperis* on appeal, she may challenge that finding, by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit within 30 days from the date of this order. *See id.* at 202; *see also* Fed. R. App. P. 24(a)(5).

Signed February 15, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).