IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CANDACE SEARCY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Case No. 3:21-CV-01910-X-BT |
| | § | |
| ORCHARD NATIONAL TITLE, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On December 20, 2021, the Court accepted the findings, conclusions, and recommendation of the United States Magistrate Judge that this case be remanded to state court, and the case was remanded [Doc. Nos. 24 and 25]. Subsequently, plaintiff Candace Searcy filed a motion to reopen the case [Doc. No. 26]. The United States Magistrate Judge made findings, conclusions, and a recommendation that this motion be denied based on a lack of jurisdiction [Doc. No. 27]. Searcy filed objections, but did not identify the specific finding or recommendation to which objection was made, state the basis for the objection, or specify the place in the magistrate judge's report and recommendation where the disputed determination was found. [Doc. No. 28]. Nonetheless, the District Court reviewed the proposed findings, conclusions, and recommendation *de novo*. As the magistrate judge explained, the Court lacks jurisdiction over Searcy's motion because it has already remanded her case to state court. Outside of two inapplicable exceptions, "[a]n order

1

remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."[1]  This provision "has been universally construed to preclude not only appellate review but also reconsideration by the district court."[2] So, finding no errors, the Court **ACCEPTS** and **ADOPTS IN FULL** the magistrate judge's findings, conclusions, and recommendations.  Searcy's motion is **DENIED**.

    **IT IS SO ORDERED** this 8th day of April, 2022.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1447(d).

[2] *Smith v. JCC Fulton Development, LLC*, No. 19-4962, 2019 WL 2340943, at *1 (E.D. La. June 3, 2019) (quoting *Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1203 (11th Cir. 2011)).  *See also New Orleans Serv., Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir. 1986) (per curiam).